144　　　　　　　　August 7, 2025　　　　　　　No. 33

IN THE SUPREME COURT OF THE
STATE OF OREGON

CONTINENTAL CASUALTY COMPANY
and TRANSPORTATION INSURANCE COMPANY,
*Petitioners on Review,*

*v.*

ARGONAUT INSURANCE COMPANY et al,
*Defendant,*

*and*

INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA,
*Defendant-Respondent,*

*and*

EMPLOYERS COMPANY OF NORTH AMERICA,
*Respondent on Review.*

INSURANCE COMPANY OF NORTH AMERICA,
*Third-Party Plaintiff,*

*v.*

ARGONAUT INSURANCE COMPANY et al.,
*Third-Party Defendants.*

(CC 16CV14319) (CA A176763) (SC S071094)

En Banc

On respondent on review's petition for reconsideration filed May 29, 2025; considered and under advisement on July 8, 2025.*

Bruce H. Cahn, Ballard Spahr LLP, Portland, filed the petition for reconsideration on behalf of respondent on review. Also on the petition was David C. Linder, St. Paul, Minnesota.

_____

　＊　373 Or 389, 567 P3d 1059 (2025), on review from the Court of Appeals, 331 Or App 38, 545 P3d 173 (2024).

Laurie J. Hepler, Greines, Martin, Stein & Richland LLP, San Francisco, California, filed a response for petitioners on review. Also on the response was Matthew Munson, Selman Leichenger Edson Hsu Newman Moore LLP, Seattle, Washington.

GARRETT, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

**GARRETT, J.**

Respondent on review Employers Insurance Company of Wausau (Wausau) petitions for reconsideration of this court's decision in *Continental Casualty Co. v. Argonaut Ins. Co.*, 373 Or 389, 567 P3d 1059 (2025). In that case, this court held that the Oregon Environmental Cleanup Assistance Act, ORS 465.480(4)(a), gives an insurer that has paid all or part of an environmental claim a right to contribution from any other insurer that is liable or potentially liable to the insured, unless the insured and the other insurer have entered into a good faith settlement of the same environmental claim. This court concluded that Wausau's settlement with Schnitzer Steel Industries, Inc., and Schnitzer Investment Corporation (together, Schnitzer) did not involve the same claim that had been litigated in a federal action and already paid by Continental Casualty Company and Transportation Insurance Company (together, Continental). Accordingly, Wausau's settlement with Schnitzer did not bar Continental's contribution action. The dispositional "tag line" of our opinion reversed the decision of the Court of Appeals, *Continental Casualty Co. v. Argonaut Ins. Co.*, 331 Or App 38, 545 P3d 173 (2024), affirmed the judgment of the circuit court, and remanded the case to the circuit court for further proceedings.

Wausau asserts three grounds for reconsideration. Wausau argues, first, that this court erred in its interpretation of ORS 465.480(4)(a). We reject that ground for reconsideration without discussion. Second, Wausau argues, in the alternative, that this court should modify its opinion to hold that Continental may obtain contribution only toward defense costs incurred prior to Wausau's settlement of its environmental claim with Schnitzer. We also reject that ground for reconsideration without discussion.

Finally, Wausau argues that the dispositional tag line of our opinion requires modification. Wausau points out that, in the Court of Appeals, it had raised five assignments of error, and the Court of Appeals—having found in its favor with respect to the first assignment of error—did not reach the remaining four issues.[1] Wausau asserts, and Continental

---

[1] According to Wausau's petition for reconsideration, those remaining issues concerned amounts awarded to Continental after the bench trial below on the

agrees, that both parties had asked this court to remand the case to the Court of Appeals for consideration of the four remaining issues in the event of reversal. Because neither this court nor the Court of Appeals has considered Wausau's remaining assignments of error, we agree that modification of the disposition is necessary. The case should be remanded to the Court of Appeals to consider the remaining assignments of error.

Accordingly, we allow Wausau's petition for reconsideration and modify the disposition in *Continental Casualty*, 373 Or at 390, 404, as follows:

"The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of Wausau's remaining assignments of error."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

---

allocated share of Schnitzer's defense costs to be borne by each insurer.